DAVID LAWRY'S ADMR. *v.* R. G. BEVERLY.

**Executors and Administrators—Set-off Judgment.**

In an action by an Executor on notes, a judgment on a set-off should be, to be levied of assets which might come into the hands of the Executor to be administered.

**Same—Judgment de bonis propriis.**

To authorize a judgment de bonis propriis, against an Executor, the answer must allege assets in his hands to be administered, and that the Executor has been guilty of a devastavit.

**Same—Evidence of Payment for Intestate.**

Payment of judgments enjoined by an intestate, must be shown by proper evidence to have been made with the consent of intestate, or by his request, or that they were debts the payer was legally bound to discharge.

APPEAL FROM HENDERSON CIRCUIT COURT.

October 27, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellant in her character of admin·istratrix on two notes executed to her intestate by the appellee, the claims pleaded as set-off are all against said intestate, and still judgment was rendered against appellant *de bonis proprits* for $351.22, with interest from the 11th of January, 1864, till paid and costs, although it is not alleged that appellant was guilty of a devastavit, nor that there were assets in her hands to be administered, even, therefore, if on the evidence a judgment was proper to be rendered against her, it should have been to be levied of assets, which might thereafter come to her hands to be administered. *Bolts' Admr. v. Fitzpatrick, 5 B. M. 397.* For that error the judgment must be reversed.

There are also other reasons why the judgment can not be sus·tained. In the answer it is alleged that $502.86 was paid on two judgments against intestate in favor of the Henderson & Nashville Railroad Company, on which executions issued, that they were enjoined by intestate, and afterwards said injunctions were dissolved, and appellee paid the amounts thereof. Copies of said executions were filed which show by the sheriff's endorsement that he had returned them because they had been enjoined, and receipts to appellee are given on said executions long after they had been returned, by one Henry as president of said railroad company.

By appellant's reply to the answer all the claims to the set-off are thoroughly traversed, and consequently it was scarcely suffi·cient, to authorize the credit, to produce Henry's receipts on exe·cutions which had months before been returned as enjoined, and although a copy of the order dissolving the injunction was pro·duced, no evidence was offered that the payments were made with the consent, or by the request of intestate—or that they were debts he was at the time bound to pay.

The amount of the revenue and city tax on the lot leased to appellant's estate, according to the evidence of Walden and Rent·linger, the only two witnesses examined on the subject, would be for five years, only $16, when the term charged for is only three

years; but this tax as charged in the account is $38.75, which is an apparent error; the receipts for the payments would be the most satisfactory evidence, it seems that appellee got a credit for the whole $38.75.

Nor was the evidence sufficient to authorize the credit for $258.06 *"bill of iron from Pittsburg," February 9, 1861."*

Reynond, the only witness who speaks of the iron, says his recollection is that Mr. L. Lawrey spoke to Mr. R. G. Beverly about sending for a bill of iron to Pittsburg, Pa.; whether Mr. Lawrey's request was complied with I know not; the claim should not be allowed on such evidence.

As the case had been transferred to equity, it would seem proper to have referred it to the master, to audit and state the accounts between the parties. The credits endorsed on the notes are charged in the account, and it does not very distinctly appear whether they are not twice allowed, and this court has no time to undertake the statement of accounts, a duty which properly belongs to the master.

It may be presumed that the account with appellee was created by intestate by reason of the indebtedness of the former, and with the mutual understanding that for goods furnished, and money paid for intestate appellee should be credited on the notes, and the statute of limitations would in that case be unavailing.

But for the reasons herein stated the judgment must be *reversed* and the cause remanded with directions for further proceedings, and the parties should be allowed to make additional proof, if it should be desired.

*Turner, for appellant.*
*Vance, for appellee.*